# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| KENNETH SHANE SPILLERS | CIVIL ACTION NO. 06-0689 |
| --- | --- |
| VS. | SECTION P |
| RICHARD FEWELL, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on April 24, 2006 by *pro se* plaintiff Kenneth Shane Spillers. Plaintiff is a parish prisoner in the custody of the Ouachita Parish Sheriff.[1] He is incarcerated at the Ouachita Parish Correctional Center (OPCC), Monroe, Louisiana, and complains that he is being housed with felony offenders, that one of these offenders attacked and injured him on March 5, 2006, and that he has not received adequate medical attention for the injuries he sustained in the attack. He asks for the appointment of counsel, and an injunction directing the OPCC to segregate violent offenders from non-violent offenders, and an order directing the facility to provide unspecified medical treatment. Finally, he seeks "protection from this facility." He names Ouachita Parish Sheriff Richard Fewell, and his deputies, Major Wheelis and Captain Connie Murray as his defendants.

Among other things, plaintiff seeks the appointment of counsel to assist him in prosecuting this civil rights suit. The undersigned notes that plaintiff is proceeding in *forma*

---

[1] In his original petition, plaintiff claimed to be a "parish prisoner" at the time of the offense; in his amended petition he claimed to be a pre-trial detainee.

1

*pauperis.* A review of the pleadings supports a finding that he should be considered indigent for the purposes of this evaluation.

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the

2

following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiff has managed to file his original complaint setting forth his cause of action against the named defendants; he has provided an amended complaint as well. No special legal knowledge is required of plaintiff herein. Additionally, plaintiff has first-hand knowledge of the facts which form the basis of this action. The claim is not necessarily atypical of those often asserted in civil rights litigation and is not complex. Finally, plaintiff has failed to demonstrate that he has attempted to procure counsel on his own behalf.

Accordingly, plaintiff's request for appointment of counsel should be denied as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel. Moreover, plaintiff's request should be denied because plaintiff has failed to

demonstrate any effort to secure counsel on his own behalf.

**IT IS HEREBY ORDERED** that plaintiff's request for appointment of counsel be **DENIED.**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 22nd day of June, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE