# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **KENNETH SHANE SPILLERS** | **CIVIL ACTION NO. 06-0689** |
| **VS.** | **SECTION P** |
| **RICHARD FEWELL, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## RULING AND REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on April 24, 2006, by *pro se* plaintiff Kenneth Shane Spillers. Plaintiff is a pre-trial detainee in the custody of the Ouachita Parish Sheriff.[1] He is incarcerated at the Ouachita Parish Correctional Center (OPCC), Monroe, Louisiana, and complains that he is being housed with felony offenders, that one of these offenders attacked and injured him on March 5, 2006, and that he has not received adequate medical attention for the injuries he sustained in the attack. He asks for the appointment of counsel, and an injunction directing the OPCC to segregate violent offenders from non-violent offenders, and an order directing the facility to provide unspecified medical treatment. Finally, he seeks "protection from this facility." He names Ouachita Parish Sheriff Richard Fewell, and his deputies, Major Wheelis and Captain Connie Murray as his defendants.

Petitioner has also filed a motion seeking appointment of counsel [Doc. No. 9].

This matter has been referred to the undersigned for review, report, and recommendation

---

[1] In his original petition, plaintiff claimed to be a "parish prisoner" at the time of the offense; in his amended petition he claimed to be a pre-trial detainee. For the purposes of this report it is assumed that he was a detainee when the events complained of occurred.

1

in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, petitioner's motion for appointment of counsel is **DENIED,** and it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE.**

## STATEMENT OF THE CASE

On March 5, 2006, plaintiff was housed in B-pod of the OPCC. He was attacked by Anthony Greeley, a convict in the custody of Louisiana's Department of Public Safety and Corrections. [LDOC][2] Greeley struck plaintiff with a broom handle and with his fists causing injury to plaintiff's right cheek and blindness in his right eye. According to plaintiff, Greeley "...is a registered boxer in West Monroe, La..."

Plaintiff faults the defendants because the facility does not separate offenders based on criminal history, offender class, detention/housing status, mental patients, etc. He asks the court to provide him with an attorney and for an injunction directing OPCC to separate violent and non-violent offenders. He also seeks unspecified medical treatment for the injuries he sustained.

## LAW AND ANALYSIS

*1. Initial Review Pursuant to 28 U.S.C. §§1915 and 1915A and 42 U.S.C. §1997e*

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obligated to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of

---

[2] In his complaint plaintiff identified his assailant as "Antony Grielly." [doc. 1-1, paragraph IV] He alleged that both he and "Grielly" were housed in "B Pod 7-E" at the time of the assault. [*id*.] On July 17, 2006 plaintiff tendered a copy of the inmate roster from OPCC dated June 9, 2006. That roster lists an LDOC inmate named Anthony D. Greeley who on that date resided in Dorm B Pod 7 Cell E. [doc. 10, p. 12]

2

its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions,

with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). In addition, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has clearly stated his claim for relief; further amendment of the complaint would serve no useful purpose. As is shown hereinafter, his claim is clearly frivolous and dismissal on that basis is therefore recommended.

## 2. Failure to Protect

Plaintiff claims that the defendants failed to protect him. As shown above, plaintiff was a pre-trial detainee during the time period relevant to this inquiry.

The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). See *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) ("Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners."). See also *Hewitt v. Helms*, 459 U.S. 460, 473 (1983) ("The safety of the institution's guards and inmates is perhaps the most fundamental responsibility of the prison administration."). Not "every injury suffered by one prisoner at the hands of another," however, "translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. at 834. Rather, a prisoner must demonstrate both that (1) "he is incarcerated under conditions posing a substantial risk of serious harm" and (2) the defendant

4

prison official's state of mind is one of "deliberate indifference" to the prisoner's safety. *Id.*; *Horton v. Cockrell*, 70 F.3d at 401. "Prison officials are not, however, expected to prevent all inmate-on-inmate violence." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir.2003).

The rights of pre-trial detainees arise under the due process clause of the Fourteenth Amendment. *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir. 1996). A pretrial detainee's due process right to protection from his fellow detainees and to prompt and adequate medical care are breached only if the custodial officials act with subjective deliberate indifference to the detainee's rights. Thus, in order to successfully plead both his failure to protect and medical care claims, the plaintiff must show that he suffered a sufficiently serious deprivation as a result of the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650.

Although there is no concise definition of what prison conditions pose a "substantial risk of serious harm," the United States Court of Appeals for the Fifth Circuit has stated that a court must consider whether society considers the risk "... to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. [The court] must consider that the Eighth Amendment is intended to protect against both present and future dangers to inmates. Prison authorities must protect not only against current threats, but also must guard against sufficiently imminent dangers that are likely to cause harm in the next week or month or year." *Horton v. Cockrell*, 70 F.3d at 401 (internal citations and quotations omitted).

The Supreme Court of the United States has determined that the test for "deliberate indifference" is a subjective test: "[A] prison official cannot be found liable ... for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." *Farmer v. Brennan*, 511 U.S. at 837 (describing deliberate indifference in the context of an Eighth Amendment analysis.)

The legal conclusion of deliberate indifference must rest on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). See *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985) (holding that the legal conclusion of deliberate indifference must rest on facts clearly evincing wanton behavior). The Supreme Court has further explained that "...[w]anton means reckless – without regard to the rights of others.... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure." *Smith v. Wade*, 461 U.S. 30, 39-40 n. 8 (1983) (internal quotations, citations, and footnotes omitted).

"Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a fact-finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. at 842. "[I]t does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Id.* at 843. "[T]he 'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino v. Texas Dep't of Criminal Justice*, 239 F . 3d 752, 756 (5th Cir.2001)

(quoting *Farmer v. Brennan*, 511 U.S. at 838). Further, "negligence is insufficient to support a finding of liability." *Adames v. Perez*, 331 F.3d at 514.

Plaintiff has failed to allege facts supportive of his allegations that the defendants had the requisite knowledge of a substantial risk or that they were "deliberately indifferent" to the risk of harm with regard to the assault in question. "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d at 756. See also *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995) (affirming a district court's dismissal of complaint that prison officials failed to protect plaintiff because allegations amounted only to a claim of negligence).

Plaintiff has provided only conclusory allegations in support of his claim. For example, in his original complaint, he alleged, "Antony Grielly [sic] is a registered boxer in West Monroe, La. This facility does not separate offenders based on offender criminal history, offender class, detention/housing status, mental patients, etc. I'm housed in a dorm with pre trial detainees, parish prisoners, D.O.C. prisoners, mentally ill people, violent and non-violent in each category." [doc. 1-1, paragraph IV]

In response to the undersigned's order to amend, he stated, "Enclosed is a Roster showing all three types of Inmates are being housed together regardless of custody status, Department of Corrections Inmates, Pretrial detainees, Parish Prisoners. This proves the dangers that Ouachita Parish Sheriff Richard Fewell, *et al* is putting lesser violent offenders in with hardened criminals and state convicts with multiple offenses." [doc. 10, paragraphs I and II] The confinement of pretrial detainees with convicted prisoners is not *per se* unconstitutional. (*Jones v. Diamond*, 636 F.2d 1364, 1374 (5th Cir.1981). So long as such practice is not indiscriminate and is "reasonably related to the institution's interest in maintaining jail security," *Bell* 441 U.S.

7

at 531, or, even if the physical facilities do not permit their separation, the practice survives constitutional scrutiny. Compare *Barnes v. Virgin Islands*, 415 F.Supp. 1218, 1235 (D.V.I.1976); see *Hamilton v. Landrieu*, 351 F.Supp. 549, 552 (E.D.La.1972). Plaintiff offers no facts to substantiate his conclusory allegation that violent offenders are housed indiscriminately with detainees. While the assault on his person was regrettable, not "every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. at 834. "Prison officials are not ... expected to prevent all inmate-on-inmate violence." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir.2003).

In order to prevail on his failure to protect claim, plaintiff must demonstrate both that (1) he was incarcerated under conditions posing a substantial risk of serious harm and (2) the defendants' state of mind was one of "deliberate indifference" to the his safety. *Id.*; *Horton v. Cockrell*, 70 F.3d at 401. This he has failed to do.

### 3. Medical Care

This same test is applied under either the Fourteenth Amendment analysis appropriate to the resolution of plaintiff's medical care claim. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) In other words, plaintiff can establish an actionable constitutional violation only if he alleges facts tending to establish that the defendants were deliberately indifferent to his serious medical needs. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). Again, plaintiff has not made such a showing.

"[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). Moreover, "deliberate indifference cannot be inferred

merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Despite a specific order to do so, plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. The only allegation made with regard to his medical care claim is found in his original petition, "It's bad enough that I can't be medically treated for the injuries I already have..." [doc. 1-1, paragraph IV] Despite having been directed to do so, plaintiff has simply failed to allege his medical care claim with the specificity required by the Federal Rules of Civil Procedure.

*4. Second Motion for the Appointment of Counsel*

On June 22, 2006, the undersigned denied plaintiff's Motion to Appoint Counsel. [doc. 8] On July 17, 2006, plaintiff filed a second Motion to Appoint Counsel alleging "exceptional circumstances." Therein plaintiff alleged that counsel would benefit the court and plaintiff by "shortening the trial and assisting in [a] just determination..." [id., p. 1]

For the reasons given in the first order denying plaintiff's motion to appoint counsel [doc. 8], plaintiff's second Motion [doc. 9] is hereby **DENIED.**

Further,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted,

pursuant to the provisions of 28 U.S.C.1915(e)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of September, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE